# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARSHALL R. WILSON, )<br>)<br>Defendant. )<br>) | Case No. 10-20064-JWL |

## MEMORANDUM AND ORDER

Marshall Wilson entered into a plea agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(C), pleading guilty to possession with intent to distribute 50 grams or more cocaine base ("crack") (doc. 18). The parties agreed that the sentence in the case would be 180 months. The agreement provided: "The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence" (*id.* at 3). In addition, Mr. Wilson waived "any right to challenge a sentence or otherwise attempt to modify or change his sentence . . . [including] a motion brought under Title 18, U.S.C. § 3582(c)(2)" (*id.* at 5). On September 16, 2010, the court approved the plea agreement (doc. 17). The defendant received a sentence of 180-months imprisonment (doc. 21).

Mr. Wilson has now filed a Motion for Retroactive Application of Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) (doc. 25). For the reasons set forth below, that motion is dismissed.

**ANALYSIS**

**1. Ineligible for § 3582 Relief**

Section 3582 allows a court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). In *Freeman v. United States*, the United States Supreme Court addressed whether a defendant who was sentenced pursuant to a Rule 11(c)(1)(C) plea agreement could be eligible for § 3582 relief. 131 S. Ct. 2685 (2011). In a plurality opinion, *Freeman* concluded that no such bar exists. A four-member plurality determined that because the sentencing judge is required to take the guidelines into account before accepting the 11(c)(1)(C) plea agreement, a judge's decision to accept the agreement will always be based on the guidelines. *Id.* at 2692-93. Thus, the plurality concluded, a defendant is eligible for § 3582 relief when those guidelines are amended and made retroactive. *Id.* at 2695. Justice Sotomayor concurred in the judgment, but she reasoned that a sentence imposed by the court pursuant to a Rule 11(c)(1)(C) plea agreement is based on the agreement, not on the sentencing judge's assessment of the guidelines. *Id.* (Sotomayor, J., concurring). Justice Sotomayor concluded: Where a Rule

2

11(c)(1)(C) agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered . . . , the term of imprisonment is 'based on' the range employed and the defendant is eligible for sentence reduction under § 3582(c)(2)." *Id.* Justice Sotomayor's concurrence also explained that the government is free to secure a waiver of the defendant's statutory rights under § 3582 in a Rule 11(c)(1)(C) plea agreement. *Id.* at 2699.

"When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (internal quotation marks omitted). As "Justice Sotomayor's concurrence delineates the narrowest grounds on which at least five Justices agree, . . . it is the controlling opinion." *United States v. Rivera-Martinez*, No. 09-1766, 2011 WL 6358033, at *4 (1st Cir. Dec. 20, 2011) (citing *Marks*, 430 U.S. at 193); *see United States v. Smith*, 658 F.3d 608, 611 (6th Cir. 2011) (reaching the same conclusion); *United States v. Brown*, 653 F.3d 337, 340 & n.1 (4th Cir. 2011) (same), *cert. denied*, No. 11–6385, 2012 WL 33719 (Jan. 9, 2012).

Here, Mr. Wilson signed a Rule 11(c)(1)(C) plea agreement, stating that "the parties are not requesting imposition of an advisory guideline sentence" (doc. 18, at 3). As such, Mr. Wilson is not eligible for § 3582 relief because his Rule 11(c)(1)(C) plea

3

agreement did not use a Guideline sentencing range to establish the term of imprisonment. *See Freeman*, 131 S. Ct. at 2695 (Sotomayor, J., concurring).

**2. Enforcement of Plea Agreement**

Alternatively, Mr. Wilson is not eligible for § 3582 relief because the plea agreement he signed contained a waiver of his rights under § 3582. *See id.* at 2699. The court will hold a defendant and the government to the terms of a lawful plea agreement. *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004); *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Thus, a knowing and voluntary waiver of post-conviction rights in a plea agreement is generally enforceable. *Cockerham*, 237 F.3d at 1181. The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver, (2) whether the defendant knowingly and voluntarily waived the rights, and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam); *see also United States v. Frierson*, 308 Fed. App'x 298, 300 (10th Cir. Jan 8, 2009) (unpublished) (applying *Hahn* standard to enforce waiver of rights under 18 U.S.C. § 3582(c)(2)).

*A.    Scope of the Waiver*

In determining whether the disputed issue falls within the scope of the waiver, the court begins with the plain language of the plea agreement. *United States v. Anderson*,

4

374 F.3d 955, 957 (10th Cir. 2004); *Hahn*, 359 F.3d at 1328. The provision in the plea agreement by which Mr. Wilson waived his right to seek a reduction in his sentence states:

> [D]efendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed . . . . The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under . . . Title 18, U.S.C. § 3582(c)(2) . . . .

(doc. 18, at 4-5). The plea agreement is construed "according to contract principles and what the defendant reasonably understood when he entered his plea." *Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).

Here, Mr. Wilson explicitly waived his right for a reduction in his sentence under § 3582. As such, his present motion clearly falls within the scope of the waiver.

*B.    Knowing and Voluntary*

In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors—whether the language of the plea agreement states that the defendant entered the plea agreement knowingly and voluntarily and whether there was an adequate Fed. R. Crim. P. 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210-11 (10th Cir. 2007).

Both conditions are satisfied here. Paragraph 9 of Mr. Wilson's plea agreement expressly states that he "knowingly and voluntarily waives any right to appeal or

collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed." *See United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007) (concluding that a defendant did not meet the burden of showing that the waiver was unknowing and involuntary in part because plea agreement contained broad waiver that defendant "knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence"). In addition, during the Rule 11 colloquy, Mr. Wilson indicated that he entered his guilty plea freely and voluntarily and that no one induced him to plead guilty.

C.   *Miscarriage of Justice*

Enforcing a waiver results in a miscarriage of justice only if (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327.

Here, Mr. Wilson makes no argument as to any of the points, and the court cannot find that enforcing the waiver would result in a miscarriage of justice.

D.   *Conclusion*

Having concluded that the waiver contained in Mr. Wilson's plea agreement was

knowing and voluntary and that enforcing it will not result in a miscarriage of justice, the court dismisses Mr. Wilson's Motion for Retroactive Application of Sentencing Guidelines.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion for Retroactive Application of Sentencing Guidelines (doc. 25) is dismissed.

**IT IS SO ORDERED** this 21st  day of February, 2012.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge